**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **HELENA J. ABDULLAH** | § | |
| | § | |
| **v.** | § | **NO. 9:12-CV-159** |
| | § | |
| **PINNACLE HEALTH FACILITIES,** | § | |
| **XV, LP, d/b/a LEXINGTON PLACE** | § | |
| **NURSING AND REHABIILITATION,** | § | |
| **RICHARD LUNDQUIST, BETTY** | § | |
| **MARBERRY AND BRENDA DONES** | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On August 15, 2013, this employment-discrimination case was referred for all pretrial matters to United States Magistrate Judge Zack Hawthorn.  On August 30, 2013, Defendants Pinnacle Health Facilities, XV, LP, d/b/a Lexington Place, Richard Lundquist ("Lundquist"), Betty Marberry ("Marberry"), and Brenda Dones ("Dones") filed a motion for summary judgment. (Doc. No. 35.)  On October 29, 2013, the magistrate judge filed his report (Doc. No. 41), recommending that this court grant the Defendants' motion.  On November 15, 2013, Helena J. Abdullah ("Abdullah"), the Plaintiff, filed timely objections to the report and recommendation. (Doc. No. 42.)   The Defendants did not file a response.

After conducting a *de novo* review of the magistrate judge's report and recommendation and Abdullah's objections, the court finds that the magistrate judge's findings and conclusions are correct.  See FED. R. CIV. P. 72(b)(3).   Accordingly, Abdullah's objections are overruled and the report and recommendation will be adopted.

**I.  Religious Accommodation Objection**

In his report, the magistrate judge concluded that Abdullah's religious accommodation claim under Title VII should be dismissed because she failed to establish a *prima facie* case.

(Doc. No. 41.)   In order to establish a *prima facie* case of religious discrimination, a plaintiff must show "that (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; and (3) he or she was disciplined for failure to comply with the conflicting employment requirement."   Watts v. Sch. Bd. of St. Landry Parish, 213 F. App'x 285, 286 (5th Cir. 2007) (quoting Turpen v. Missouri-Kansas-Texas R.R. Co., 736 F.2d 1022, 1026 (5th Cir. 1984)).   The magistrate judge asserted that Abdullah established the first two elements of her *prima facie* case, but not the third because Abdullah was not disciplined for choosing a religious activity over her mandatory in-service meeting.

In her objections, Abdullah asserted that she did satisfy the third element by showing that she was disciplined for missing a Friday in-service which conflicted with her worship on May 20, 2011.   (Doc. No. 42 at 6.)   While it is true that Abdullah was disciplined after missing a Friday in-service that conflicted with her worship time, she admitted that she did not miss the meeting because of this religious obligation.   (Doc. No. 37, Ex. 1(b).)   She missed the meeting because she was caring for her cousin.   (Id.)   Abdullah never put forth summary judgment evidence to establish that she was disciplined for missing a mandatory in-service meeting because she chose a conflicting religious obligation.   Accordingly, as found by the magistrate judge, the Plaintiff has failed to prove a *prima facie* case of religious discrimination for failure to accommodate.

## II.   Religious and Racial Discrimination Objections

In her objections, Abdullah disagrees with the magistrate judge's finding that she failed to show there was a genuine dispute of material fact regarding her discrimination claims.   The magistrate judge held that Abdullah failed to rebut each of Defendants' nondiscriminatory reasons for terminating her employment, and accordingly recommended granting the Defendants' motion.

In their motion for summary judgment, the Defendants stated that "Lexington Place ended the employment relationship with Abdullah because of her own inappropriate behavior over time, documented poor job performance, refusal to provide skills self-assessment, and negative behavior" at the meeting during which she was terminated.   (Doc. No. 35 at 28.)   The Defendants elaborated on these accusations with a detailed list of Abdullah's employment deficiencies.   (Id. at 7-16.)   Abdullah was required to "put forward evidence rebutting each of the nondiscriminatory reasons" articulated by the Defendants.   Vaughn v. Woodforest Bank, 665 F.3d 632 (5th Cir. 2011) (citing Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 220 (5th Cir. 2001)).   "Where a plaintiff 'falls short of [her] burden of presenting evidence rebutting *each* of the legitimate nondiscriminatory reasons produced by [the employer],' summary judgment is appropriate." Jackson v. Watkins, 619 F.3d 463, 467 (5th Cir. 2010).   In order to rebut a nondiscriminatory reason, "the plaintiff must show evidence of disparate treatment or evidence demonstrating that the employer's explanation is false or unworthy of credence."   Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003).   In his report, the magistrate judge asserted that Abdullah has failed to rebut the following nondiscriminatory reasons offered by the Defendants: 1) Abdullah failed to wake residents to provide them with pain medication; 2) Abdullah failed to complete her Silverchair requirements; and 3) Abdullah did not turn in a mandatory self-assessment.   (Doc. No. 41 at 16.)

A.   *Failure to Administer Pain Medication*

In their motion for summary judgment, the Defendants asserted that Abdullah failed to administer pain medication to patients who were sleeping on three different occasions.   (Doc. No. 35.)   First, the Defendants stated that Abdullah was counseled on October 12, 2010, for failing to wake a sleeping resident to administer pain medication.   (Doc. No. 35 at 7.)   Next, the Defendants alleged that Abdullah also failed to administer pain medication to a sleeping resident

on April 22, 2011.   (Id. at 12.)   Finally, the Defendants stated that on April 28, 2011, Abdullah once again failed to wake a sleeping resident to administer her pain medication, and the resident was allegedly forced to take the medication left on her bedside table with her teeth-water.   (Id.)

In her response to the Defendants' motion for summary judgment, the only evidence provided by Abdullah was her own declaration that she never left medication for residents on their table while they were asleep and that there was "no reason" a resident would have had to use their teeth-water to take a pill.   (Doc. No. 37, Ex. 1 at 2.)   She did not refute the Defendants' evidence that she repeatedly failed to wake residents up to take their pain medication and even admitted it was her understanding that she should not wake up a resident to give them their pain medication. (Id.)   Abdullah also references deposition testimony from the assistant director of nursing regarding another pain medication incident, but that did not relate to her failure to wake residents up to administer their medication.   (Id. at 9; Doc. No. 35, Ex. A, at 28-29.)

In her objections, Abdullah asserted she "understood that [she] should not wake up a patient to give them their pain medication," but she never *refused* to follow instructions, and this "issue amounted to one instruction in April [of] 2011."   (Doc. No. 42 at 4.)   Perhaps Abdullah is arguing it was her previous understanding that she should not wake residents up to administer medication, but she later complied with her employer's instructions to do so.   Unfortunately, Abdullah does not cite to anything in the record to support her claim.   In any event, even if Abdullah's objections are construed as a blanket denial that she failed to properly administer pain medication, self-serving statements are insufficient to create a genuine issue of material fact as to whether a reason is pretextual as long as the employer reasonably believed other employees' allegations and acted upon them in good faith.   Jackson v. Cal-Western Packaging Corp., 602, F.3d 374, 379 (5th Cir. 2010) (holding that an employee's conclusory assertion that he did not

behave inappropriately is irrelevant, when he did not provide evidence to suggest the employer's decision to trust the results of investigations, rather than self-serving denial of wrongdoing, was unreasonable or in bad faith).   An employee's "assertion of innocence alone does not create a factual issue as to the falsity of [the employer's] proffered reason for terminating him."   Id.

Furthermore, Abdullah does not offer any evidence of pretext by showing "evidence of disparate treatment or evidence demonstrating that the employer's explanation is false or unworthy of credence."   Laxton, 333 F.3d at 578.   In her objections, Abdullah merely stated that her failure to administer pain medication was "not the cause of her termination in September, 2011."   (Doc. No. 42 at 5.)   However, it is clear that the Defendants proffered Abdullah's failure to administer pain medication to sleeping patients as a legitimate nondiscriminatory reason for her termination.   As discussed above, the Defendants offered several incidents, including Abdullah's failure to give pain medication, as examples of Abdullah's poor performance and grounds for termination in their motion for summary judgment.   (Doc. No. 35.)   Furthermore, in the Disciplinary Report documenting Abdullah's termination, the Defendants wrote that Abdullah was terminated for her "failure to complete her skills assessment and *continued performance deficiencies* culminating with failure to meet care needs of resident."   (Doc. No. 54, Ex. D(1) at 100.)   The "continued performance deficiencies" include her failure to wake residents to administer their pain medication, as further discussed in the Defendants' motion for summary judgment.   (Doc. No. 35.)   Accordingly, this nondiscriminatory reason was a legitimate basis relied on by the Defendants for terminating Abdullah, and she failed to produce summary judgment evidence to show this reason was pretextual.   Because Abdullah failed to rebut this nondiscriminatory rationale offered by the Defendants, for this alone reason the magistrate judge was correct in recommending the Defendants' motion for summary judgment be granted.   See

Jackson v. Watkins, 619 F.3d 463, 467 (5th Cir. 2010) (holding that once the employee failed to rebut one of four proffered nondiscriminatory reasons for termination, the court did not need to address the remaining reasons for termination).   However, the court will continue to address Abdullah's remaining objections.

B.   *Failure to Satisfy Silverchair Requirements*

In their motion for summary judgment, the Defendants also proffered Abdullah's failure to complete her Silverchair online training requirements as a nondiscriminatory reason for her termination.   (Doc. No. 35 at 13-14.)   Abdullah did not address this allegation at all in her response.   (Doc. No. 37.)   Thus, the magistrate judge correctly concluded that she failed to rebut this nondiscriminatory reason proffered by the Defendants in his report.

For the first time, in her objections to the magistrate judge's report and recommendation, Adbullah discussed the Silverchair requirements.   Abdullah did not deny the Defendants' accusation that she was behind on her required Silverchair courses.   She only argued that the "Defendants have at no time indicated that Silverchair training deficiencies were a legitimate reason for Plaintiff Abdullah's termination."   (Doc. No. 42 at 5.)   The court finds the Defendants did provide Abdullah's failure to complete her Silverchair training as a legitimate nondiscriminatory reason.   Similar to Abdullah's alleged failure to wake patients to administer their medication, her failure to finish her Silverchair requirements falls under the category of "continued performance deficiencies."   (Doc. No. 54, Ex. D(1) at 100.)   Additionally, Abdullah was warned by the Defendants on April 7, 2011, that if she did not complete her Silverchair requirements within thirty days, "further action [would] be taken."   (Doc. No. 35, Ex. H(1) at 235.)   She was terminated several months after that deadline.   Accordingly, Abdullah's failure to

complete her Silverchair requirements was a legitimate nondiscriminatory reason relied on by the Defendants for terminating Abdullah.

In her objections, again for the first time, Abdullah attempts to show this reason was pretextual by making a disparate treatment allegation.   (Doc. No. 42 at 5.)   She states that "others were made aware of being behind on Silverchair training without it ever being made a basis for an employee's termination."   (Id.)   However, Abdullah again does not cite the record to establish this assertion and certainly did not bring it to the magistrate judge's attention in responding to the Defendants' motion for summary judgment.   The non-movant, Abdullah, is required to satisfy her burden through specific citations to the summary judgment evidence.   See Fed. R. Civ. P. 56(c)(1); Smith, 391 F.3d at 625.   "If somewhere in the record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search."   Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012).   "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."   Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (quoting Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996)).

Out of an abundance of caution, this court undertook an independent search of the record to determine whether there is merit to Abduallah's argument.   Attached to the Defendants' motion for summary judgment is a declaration by Brenda Dones, the assistant director of nursing, in which she stated Abdullah was one of approximately five nurses or CNAs that received notices in April 2011 for being more than two Silverchair in-service sessions behind.   (Doc. No. 35, Ex. H, ¶13.) Dones stated that this was done without regard to their race, creed, or any other protected class or characteristic.   (Id.)   There is no other information as to the race or religious affiliation of these nurses.   Without that information, the court certainly cannot determine disparate treatment on the

basis of race or religion.   Even if Abdullah argues she has shown disparate treatment because these employees were merely disciplined while she was terminated, her failure to complete the required Silverchair training was just one of many of the performance deficiencies given by the Defendants as their nondiscriminatory reasons for termination.   In a disparate treatment case involving separate incidents of misconduct, a plaintiff-employee bears the burden of proof to show that her misconduct was "nearly identical" to another employee, of a different race and religion, who was not terminated.   <u>Mayberry v. Vought Aircraft Co.</u>, 55 F.3d 1086, 1090 (5th Cir. 1995) (citations omitted).   As stated previously, Abdullah was terminated for "continued performance deficiencies" along with her failure to complete a state required self-assessment and failure to meet the care needs of a resident.   In order to succeed on a disparate treatment claim, Abdullah would have to show that another employee, who was not Muslim and/or African-American, was not terminated despite "nearly identical" performance deficiencies.   Abdullah failed to meet this burden.   Accordingly, the court finds that Abdullah's conclusory assertion that others were treated differently, without citing to any evidence, fails to establish pretext.   Therefore, the magistrate judge was also correct in concluding that Abdullah failed to rebut this nondiscriminatory reason offered by the Defendants.

## C.   Failure to Submit Self-Assessment

Finally, the Defendants relied on Abdullah's failure to turn in her state-required self-assessment as a nondiscriminatory basis for terminating her employment.   (Doc. No. 35 at 16.)   In her response, Abdullah stated that "she never refused to complete the self-assessment, but she was not able to complete it before it was taken off her desk."   (Doc. No. 37 at 7.)   In her objections, Abdullah similarly asserted that "the form was only on the desk for a couple of days," and when she went to complete it, "it had been removed."   (Doc. No. 42 at 4.)   She further stated that "she was never given a deadline or told that she was in any way deficient in completing the

form until she was disciplined and ultimately terminated over it." (Id.) While Abdullah offered several justifications for her inability to complete the self-assessment, she did not argue that she failed to turn in the assessment.   The Texas Department on Aging and Disability Services and the Texas Board of Nursing require all nurses and CNAs working in a skilled nursing facility to complete this self-assessment on an annual basis. (Doc. No. 35, Ex. H at 160.) Thus, the Defendants' basis for termination on this ground is not false or unworthy of credence. Furthermore, Abdullah failed to show disparate treatment as every other nurse submitted their self-assessment. (Id.) Abdullah has simply "failed to show that the same adverse action would not have occurred regardless of discriminatory animus." Jones v. Overnite Transp. Co., 212 F. App'x 268, 274-75 (5th Cir. 2006).

### III. Conclusion

It is, therefore, **ORDERED** that the Plaintiff's objections (Doc. No. 42) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 41) is **ADOPTED**; the Defendants' motion for summary judgment (Doc. No. 35) is **GRANTED**; and Abdullah's claims are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **13** day of **December, 2013.**

_____
Ron Clark, United States District Judge